UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

CARL DAUENHAUER and LORES
DAUENHAUER, husband and wife, also
doing business as DAUENHAUER FARMS;
with an assumed name HDW, and HAUER OF          3: 11-cv-1436 -ST
THE DAUEN, INC., an Oregon corporation
with HDW,                                        FINDINGS AND
                                                 RECOMMENDATION

                Plaintiffs,

     v.

COLUMBIA RIVER BANK, an Oregon bank
corporation; and COLUMBIA STATE BANK,
a banking corporation,

                Defendants.

STEWART, Magistrate Judge:

## **INTRODUCTION**

On October 7, 2011, plaintiffs, who are involved in growing, cultivating and harvesting a

variety of grapes to make wines, filed a Complaint in Yamhill County Circuit Court, Case

No. CV110393, against "Columbia Bank," as the successor or assignee to lending documents

signed by Columbia River Bank to provide financing to plaintiffs' business. "Columbia Bank"

allegedly violated its duty of good faith and fair dealing by requiring plaintiffs to pay back the

1 - FINDINGS AND RECOMMENDATION

loans sooner than necessary, thereby interfering with plaintiffs' business.[1]  On October 14, 2011,

plaintiffs filed a First Amended Complaint, removing "Columbia Bank" as the defendant and

instead naming both Columbia River Bank and Columbia State Bank as defendants and adding

factual allegations.  Only Columbia State Bank has been served with the First Amended

Complaint.

On November 29, 2011, Columbia State Bank filed a Notice of Removal pursuant to

28 USC §§ 1441 and 1446, asserting diversity jurisdiction under 28 USC § 1332.  Contending

that removal was improper, plaintiffs have filed a Motion for an Order Remanding the Case to

the Oregon Circuit Court (docket # 9).  For the reasons set forth below, that motion should be

DENIED.

## <u>STANDARD</u>

Subject to strict time constraints, defendants in a state court action may remove that

action to federal court when the case could have originally been brought in federal court.

28 USC §§ 1441, 1446(b).  One basis for federal court jurisdiction is diversity jurisdiction, which

exists when there is complete diversity of all parties on one side of the action from all parties on

the other side of the action, and the amount in controversy exceeds $75,000.  28 USC § 1332; *In

re Digimarc Corp. Derivative Litigation*, 549 F3d 1223, 1234 (9th Cir 2008).  Removability is "to

be determined according to the plaintiffs' pleading at the time of the petition or removal."

*Pullman v. Jenkins Co.*, 305 US 534, 537-38 (1939).

---

[1]  Columbia River Bank, an Oregon chartered bank, was placed into receivership by the Federal Deposit Insurance Corporation ("FDIC") on or about January 22, 2010.  First Amended Complaint, ¶ 4; Answer, ¶¶ 4, 7.  The FDIC subsequently transferred the assets of Columbia River Bank to Columbia State Bank, a Washington State chartered bank.  First Amended Complaint, ¶ 7; Answer, ¶ 7; Notice of Removal, ¶ 5.

Courts strictly construe the removal statute against removal jurisdiction, "and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F3d 1241, 1244 (9th Cir 2009), citing *Gaus v. Miles, Inc.*, 980 F2d 564, 566 (9th Cir 1992) (*per curiam*). "The presumption against removal means that 'the defendant always has the burden of establishing that removal is proper.'" *Id*, quoting *Gaus*, 980 F2d at 566; *see also Durham v. Lockheed Martin Corp.*, 445 F3d 1247, 1252 (9th Cir 2006).

## FINDINGS

Plaintiffs argue that this case was improperly removed because:  (1) the court lacks diversity jurisdiction; (2) the Notice of Removal was untimely; and (3) the Notice of Removal contains insufficient allegations to support removal.

## I. Subject Matter Jurisdiction

The jurisdictional dispute centers upon whether the amount in controversy requirement necessary for diversity jurisdiction has been met.  Plaintiffs contend that the "four corners" of the First Amended Complaint do not establish that at least $75,000 is in dispute as required to meet the amount in controversy requirement.  The First Amended Complaint alleges various breaches of contract, including a failure to provide that plaintiffs "were not provided additional financing for the 2011 season and harvest," and alleges that, as a result, plaintiffs "have incurred economic damages which have not been fully liquidated and are ongoing and will be pled more specifically reasonably prior to trial."  First Amended Complaint, ¶¶ 9.5, 10.  It is silent regarding the amount of damages.

Under the well-pleaded complaint rule, "[f]ederal jurisdiction typically exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Valles v. Ivy Hill Corp.*, 410 F3d 1071, 1075 (9th Cir 2005) (citation omitted).  However, "[w]here it is

not facially evident from the complaint that more than $75,000 is in controversy, the removing

party must prove, by a preponderance of the evidence, that the amount in controversy meets the

jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F3d 1089, 1090 (9th

Cir 2003) (*per curiam*) (citation omitted). "Under this burden, the defendant must provide

evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that

amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F3d 398, 404 (9th Cir 1996) (citations

omitted). A removing defendant may not rely on conclusory allegations and must provide some

facts to support its claim that the amount in controversy requirement is satisfied. *Singer v. State

Farm Mut. Auto. Ins. Co.*, 116 F3d 373, 376-77 (9th Cir 1997).

It is not evident from the face of the First Amended Complaint that more than $75,000 is

in dispute. Noting this deficiency, the Notice of Removal estimates plaintiffs' damages based on

profit projections that plaintiffs provided to Columbia State Bank during a recent loan

modification discussion. Notice of Removal, ¶ 8. Since plaintiffs assert that the alleged

breaches of contract interfered with their ability to complete their 2011 wine grape harvest, the

Notice of Removal states that plaintiffs' "anticipated profits from the 2011 harvest [are] in

excess of $500,000, including anticipated expenses." *Id*. To support that statement, Columbia

State Bank has submitted a copy of the plaintiff's 2011 Crop Agricultural Production Expense

Budget ("Budget") dated December 15, 2010. Bennett Decl. (docket # 16), Ex. A. Plaintiffs

seek to strike this Budget as hearsay. However, it is admissible under the following business

record exception to the hearsay rule:

> **(6) Records of Regularly Conducted Activity --** A memorandum, report,
> record, or data compilation, in any form, of acts, events, conditions,
> opinions, or diagnoses, made at or near the time by, or from information
> transmitted by, a person with knowledge, if kept in the course of a
> regularly conducted business activity, and if it was the regular practice of
> that business activity to make the memorandum, report, record, or data

compilation, all as shown by the testimony of the custodian or other qualified witness . . . unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

FRE 803(6).

The Budget was made by a person with knowledge at the time of the event, namely plaintiff Carl Dauenhauer who signed each page.  It concerns the expenses and budget for plaintiffs' 2011 wine grape harvest and was created as part of a loan modification discussion that was not undertaken in anticipation of litigation.  Bennett Decl., ¶¶ 4-6.  Finally, it was kept in the course Columbia State Banks' regularly conducted business activities.  *Id*, ¶ 5.

The Ninth Circuit has not specifically enumerated what "types of evidence defendants may rely upon to satisfy the preponderance of the evidence test for jurisdiction," but has "endorsed the Fifth Circuit's practice of considering facts presented in the removal petition as well as any 'summary-judgment type evidence relevant to the amount in controversy at the time of removal.'"  *Matheson*, 319 F3d at 1091, quoting *Singer*, 116 F3d at 377.  The Budget is relevant evidence of the amount in controversy since it was prepared by plaintiffs to reflect their anticipated 2011 harvest.

Unfortunately, Columbia State Bank has failed to explain the Budget figures in any meaningful way, forcing the court to interpret them.  The face of the Budget reflects that as of December 15, 2010, plaintiffs expected to incur "2011 crop agricultural production expenses" of $566,315.18.  Budget, p.1.  They also listed assets in the form of bulk wine (*id*, p. 2) and case inventory by year (2000-2010) (*id*, pp. 3-5), totaling $1,200,510.00.  The last page shows 2011 "grape sales" of $563,000 (*id*, p. 6).  Since the sales are approximately equal to the expenses, it is difficult to ascertain what damages would flow from Columbia State Bank's alleged failure to provide financing for the 2011 wine grape harvest.

5 - FINDINGS AND RECOMMENDATION

At the hearing on the motion, plaintiffs' attorney explained that when filing this case last October, plaintiffs did not know what their sales, and ultimate profit, would be, but knew that without additional financing, they could not proceed as usual with regard to their grape harvest. As a result, they had to take other action to ensure completion of the harvest, and, as a result, their actual expenses and sales will differ than the Budget estimates. Despite the uncertainty surrounding plaintiffs' actual damages, the Budget clearly reflects that plaintiffs have a significant inventory of wine. The value of that inventory is relevant to the calculation of damages since plaintiffs also allege that Columbia State Bank requested them to sell or liquidate their assets "while the market prices for those assets are unreasonably reduced based on the state of the economy." First Amended Complaint, ¶ 9.2. At the time the Budget was created, these assets amounted to approximately $1.2 million.

For purposes of establishing the amount in controversy, the court is only concerned with a reasonable estimate of the anticipated damages at the time the First Amended Complaint was filed. The fact that circumstances may have since changed is not relevant. Defendant must only put forth "some facts" in order to establish that it is more likely than not that there is at least $75,000 in dispute. *Singer*, 116 F3d at 376-77. The First Amended Complaint alleges that Columbia State Bank unreasonably requested plaintiffs to sell or liquidate their assets, which the Budget projects as approximately $1.2 million, and failed to provide reasonable additional financing for the 2011 wine grape season and harvest, for which plaintiff's expenses are somewhere in the realm of $500,000. Thus, a reasonable reading of the Budget and the First Amended Complaint is that more than $75,000 was in dispute at the time the First Amended Complaint was filed. Further support for this conclusion is the caption of the First Amended

Complaint which states that it is "not subject to statutory arbitration."  ORS 36.400 requires arbitration unless at least $50,000 is in dispute.

Because plaintiffs represent that their dispute is not subject to mandatory arbitration and based on the figures appearing in the Budget, Columbia State Bank has met its burden to establish that it is "more likely than not" that the amount in controversy is at least $75,000. Thus, plaintiffs' argument for remand based on lack of diversity jurisdiction should be rejected.

## II. <u>Timeliness</u>

Pursuant to 28 USC § 1446(b)(1), a case shall be removed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief."  If the grounds for removal are not revealed by that initial pleading, then another 30-day removal period is triggered upon "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 USC § 1446(b)(3).  The 30-day period is designed to prevent undue delay in removal and a waste of judicial resources involved in starting a case over in federal court after substantial proceedings have taken place in state court.  *See Ritchey v. Upjohn Drug Co.*, 139 F3d 1313, 1317 (9th Cir), *cert denied* 525 US 963 (1998) (discussing legislative history of removal statute's 30-day limitations period).

On October 17, 2011, the attorney representing Columbia State Bank, Erich M. Paetsch, sent an email to plaintiffs' attorney, Terrence Kay, stating that he was authorized to accept service.  Kay Decl. (docket # 10), Ex. 3, p. 1.  On October 19, 2011, Mr. Kay emailed and faxed a letter to Mr. Paetsch attaching a copy of the First Amended Complaint and asking him to return a signed authorization to accept service.  *Id*, Ex. 3, p. 2.  Mr. Kay made no mention of, and likely

did not include, the Summons. Mr. Paetsch signed the Acceptance of Service on October 25, 2011. *Id,* Ex. 1, p. 7.

The parties disagree as to when Columbia State Bank received the First Amended Complaint. Plaintiffs argue that based on the plain language of "through service or otherwise" appearing in 28 USC § 1446(b), Columbia State Bank received the First Amended Complaint on October 19, 2011, when Mr. Paetsch received a copy from Mr. Kay. If so, then Columbia State Bank's Notice of Removal, filed 41 days later on November 29, 2011, is untimely. Columbia State Bank responds that the 30-day period did not begin to run until it was formally served with the First Amended Complaint on October 25, 2011.

"The 30-day period is triggered by either the simultaneous service of the summons and complaint or the receipt of the complaint at some point after the service of the summons. The removal clock does not start until a defendant receives formal service of the summons and complaint." *Placencia v. World Sav. Bank, FSB*, CV-10-1130-HU, 2011 WL 1586921, at *4 (D Or Feb. 25, 2011), citing *Murphy Bros. Inc. v. Michetti Pope Stringing Inc.*, 526 US 344, 354 (1999). The Supreme Court, when discussing the legislative history of § 1446(b), noted that "[n]othing in the legislative history of the . . . amendment so much as hints that Congress . . . intended to dispense with the historic function of service of process as the official trigger for responsive action by an individual or entity named defendant." *Murphy Bros.*, 526 US at 352-53. It is well-settled that the phrase "'through service or otherwise' means formal service and not through service of a courtesy copy of the complaint." *Bush v. Cheaptickets, Inc.*, 425 F3d 683, 688 (9th Cir 2005), citing *Murphy Bros.*, 526 US at 347-48. Here Mr. Kay emailed and faxed a copy of the First Amended Complaint to Mr. Paetsch merely as a courtesy copy for purposes of starting the clock ticking for removal. It is insignificant that Mr. Paetsch informed

8 - FINDINGS AND RECOMMENDATION

Mr. Kay that he was authorized to accept service because he did not agree to waive formal

service or otherwise indicate that formal service was unnecessary.  He merely clarified that he

was the person upon whom formal service could be made.

Additionally, FRCP 6(a)(1) clearly states that "[w]hen the period is stated in days or a

longer unit of time," in order to compute the time, courts:

> (A) exclude the day of the event that triggers the period;
> (B) count every day including intermediate Saturdays, Sundays, and legal
>     holidays; and
> (C) include the last day of the period, but if the last day is a Saturday,
>     Sunday, or legal holiday, the period continues to run until the end of
>     the next day that is not a Saturday, Sunday, or legal holiday.

Consequently, the removal clock began to run on October 26, 2011, the day after formal

service was accomplished.  Adding 30 days, the last day for filing the Notice of Removal was

Friday, November 25, 2011.  Since the courthouse was closed that day, the deadline was

extended to the "first accessible day that that is not a Saturday, Sunday, or legal holiday,"

FRCP 6(a)(3)(A), which was Monday, November 28, 2011.

The court's docket reflects that the Notice of Removal was filed on November 29, 2011,

although it was not actually entered into the electronic filing system until the following day.

Notice of Electronic Filing (docket # 1) ("The following transaction was entered on 11/30/2011

at 9:00 AM PST and filed on 11/29/2011.")  The Notice of Removal and Civil Cover Sheet were

both time stamped at 11:15 am on November 29, 2011.  Therefore, the Notice of Removal was

filed one day late.

Nonetheless, Columbia State Bank contends that the filing was timely based on

FRCP 5(d)(2)(A) which requires that "[a] paper is filed by delivering it . . . to the clerk."

Columbia State Bank has submitted the UPS Next Day Air Shipping Document Receipt and

Proof of Delivery ("UPS receipt"), which shows that the Clerk's office received the Notice of

9 - FINDINGS AND RECOMMENDATION

Removal on November 28, 2011.  Paetsch Decl. (docket # 15), ¶ 2, Ex. A.  Plaintiffs object to this UPS receipt as hearsay and lacking authentication.  Plaintiffs also contend that it violates the best evidence rule, since the better and more reliable evidence of filing with the court Clerk is the official register, which clearly indicates that the document was filed on November 29, 2011.

As an out-of-court statement offered to prove the truth of the matters set forth therein, the UPS receipt is hearsay.  Plaintiffs argue that it is not admissible under FRE 803(6) as a business record because no authenticating witness has certified the accuracy of the receipt.  The only authenticating document is an affidavit by Mr. Paetsch attaching a "true and correct" copy of the UPS receipt.  Mr. Paetsch provides no additional details to confirm that such delivery confirmation slips are regularly kept during the course of business.[2]  While this is problematic for purposes of the business record exception, confirmation receipts from the United States Postal Service ("USPS") are routinely admitted under the public agency record exception to the hearsay rule.  *See United States v. Approximately $8,0240.00 in U.S. Currency*, CV-08-1476-OWW-SMS, 2009 WL 1872332, at *4-5 (ED Cal June 29, 2009); *Chapman v. San Francisco Newspaper Agency*, Civil No. 01-02305-CRB, 2002 WL 31119944, at *2 (ND Cal Sept. 20, 2002).  Delivery confirmation receipts from businesses performing similar functions to the USPS, such as FedEx or UPS, also should be sufficiently trustworthy to be admissible.

Even if the UPS receipt cannot be admitted under the business record or public agency record exception, it is admissible under the residual exception to the hearsay rule which requires that:

---

[2] The fact that UPS has not attested to the authenticity of the document or about its process for guaranteeing that delivery receipts are accurate is not fatal.  Delivery receipts that are received through regular business channels may be admitted though testimony from the recipient, rather than the preparer, of the documents, so long as there is evidence that the document is otherwise trustworthy.  *See United States v. Pfeiffer*, 539 F2d 668, 670-71 (8th Cir 1976).

10 - FINDINGS AND RECOMMENDATION

> (1) the statement has equivalent circumstantial guarantees of
> trustworthiness;
> (2) it is offered as evidence of a material fact;
> (3) it is more probative on the point for which it is offered than any other
> evidence that the proponent can obtain through reasonable efforts; and
> (4) admitting it will best serve the purposes of these rules and the interests
> of justice.

FRE 807(a).

Since the Notice of Removal is a "case initiating document," Local Rule 100-5 requires that it be filed in a paper copy. Columbia State Bank sent it by UPS Next Day Air on November 23, 2011, the day before Thanksgiving. Paetsch Decl., Ex. A, p. 1. UPS delivered it to the Clerk's office on Monday, November 28, 2011, at 2:06 p.m., the next day the courthouse was open, as evidenced by the signature of courthouse employee "Bubias." *Id*, p. 2. A court employee named Janett Cubias works at the intake counter and probably was the person who signed for the delivery. The Clerk's office does not time-stamp documents when received, and it is not unusual for a document to be docketed at some time after receipt, especially after a four-day weekend. Despite the fact that the Notice of Removal was not stamped "filed" until November 29, 2011, it appears as though it was received by the Clerk's office, and therefore filed, on November 28, 2011.

Because Columbia State Bank removed the case to federal court on November 28, 2011, which was within the 30-days allowed by 28 USC § 1446(b), plaintiffs' argument for remand based on untimeliness should be denied..

## III. Sufficiency of Allegations

Finally, plaintiffs assert that the Notice of Removal was deficient since it does not reflect that the jurisdictional amount in controversy was present both at the time the First Amended Complaint was filed, as well as at the time the Notice of Removal was filed. As discussed

11 - FINDINGS AND RECOMMENDATION

above, the First Amended Complaint provided no dollar figures regarding plaintiffs' expected damages, and Columbia State Bank was required to "fill in the blanks" to establish the jurisdictional amount.  Having found that the jurisdictional amount was present at the time the First Amended Complaint was filed on October 14, 2011, and since plaintiffs have provided no additional evidence to establish that circumstances had changed significantly by the time Notice of Removal was filed just over a month later on November 28, 2011, the argument that the Notice of Removal is somehow deficient on this basis should be rejected.

## RECOMMENDATION

For the reasons set forth above, plaintiffs' Motion to Remand (docket # 9) should be DENIED.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due Monday, March 12, 2012.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED February 22, 2012.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge

12 - FINDINGS AND RECOMMENDATION