UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

CARL DAUENHAUER and LORES
DAUENHAUER, husband and wife, also
doing business as DAUENHAUER FARMS;
with an assumed name HDW, and HAUER OF
THE DAUEN, INC., an Oregon corporation
with HDW,

    Plaintiffs,

  v.

COLUMBIA RIVER BANK, an Oregon bank
corporation; and COLUMBIA STATE BANK,
a banking corporation,

    Defendants.

Case No. 3: 11-cv-1436 -ST

FINDINGS AND
RECOMMENDATION

STEWART, Magistrate Judge:

## INTRODUCTION

On October 7, 2011, plaintiffs, who are involved in growing, cultivating and harvesting a variety of grapes to make wines, filed a Complaint in Yamhill County Circuit Court against "Columbia Bank" as the successor or assignee to lending documents signed by Columbia River

1 – FINDINGS AND RECOMMENDATION

Bank to provide financing to plaintiffs' business. "Columbia Bank" allegedly violated its duty of good faith and fair dealing by requiring plaintiffs to pay back the loans sooner than necessary, thereby interfering with plaintiffs' business.[1] On October 14, 2011, plaintiffs filed a First Amended Complaint, removing "Columbia Bank" as the defendant and instead naming both Columbia River Bank and Columbia State Bank as defendants and adding factual allegations.

After being served with the First Amended Complaint, Columbia State Bank filed a Notice of Removal pursuant to 28 USC §§ 1441 and 1446, asserting diversity jurisdiction under 28 USC § 1332. This Court denied plaintiff's subsequent Motion to Remand on April 24, 2012 (docket # 29).

Columbia State Bank has now filed a Motion to Dismiss Columbia River Bank for Lack of Prosecution (docket # 39). For the following reasons, that motion should be granted.

## **FINDINGS**

FRCP 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Where removal to federal court is involved, the 120-day period for service of the complaint begins at the time the action is removed to federal court. *Yaman v. D'Angelo*, 206 F Supp 2d 394, 401 (WDNY 2002) (citations omitted). The Notice of Removal was filed on November 30, 2011. However, plaintiffs disputed the removal, and an order denying their motion to remand was not entered until April 25, 2012. Therefore, the 120-day period for

---

[1] Columbia River Bank, an Oregon chartered bank, was placed into receivership by the Federal Deposit Insurance Corporation ("FDIC") on or about January 22, 2010. First Amended Complaint, ¶ 4; Answer, ¶¶ 4, 7. The FDIC subsequently transferred the assets of Columbia River Bank to Columbia State Bank, a Washington State chartered bank. First Amended Complaint, ¶ 7; Answer, ¶ 7; Notice of Removal, ¶ 5.

serving Columbia River Bank began to run from that date and expired on August 23, 2012. To date, plaintiffs have not served Columbia River Bank.

FRCP 4(m) further provides that "if the plaintiff shows good cause for the failure [to provide timely service] the court must extend the time for service for an appropriate period." Columbia River Bank contends that plaintiffs have not demonstrated such good cause.

The loans at issue originated with Valley Community Bank and were assigned to Columbia River Bank or originated with Columbia River Bank directly. On or around January 22, 2010, Columbia River Bank was placed into receivership by the FDIC. At that time, the subject loans were assigned to Columbia State Bank as the successor in interest to the FDIC. As a result, Columbia State Bank is the true and lawful holder of the loans and related loan documents, and Columbia River Bank is not a necessary party to this action.

Prior to and at a Rule 16 conference on May 31, 2012, the parties discussed the need for Columbia River Bank to be dismissed as a party. Paetsch Aff. (docket # 40), ¶ 3. Plaintiffs' attorney represented that he would evaluate this issue and dismiss Columbia River Bank and/or add the FDIC as a party to the lawsuit by a deadline set by the Court. *Id*. Based on these discussions, this court set a deadline of July 31, 2012, for all parties to be joined and pleadings to be amended (docket # 32). That deadline has passed without plaintiffs dismissing Columbia River Bank or adding the FDIC as a party.

As good cause for delay, plaintiffs refer to their negotiations with Columbia State Bank surrounding dismissal of Columbia River Bank. Plaintiffs requested inclusion of the following language in a Stipulated Order (docket # 47-1):

> Plaintiffs are granted leave to amend their pleadings by removing Columbia River Bank as a Defendant upon stipulation with counsel for Defendant Columbia State Bank, with no prejudice to Plaintiffs' rights and claims in this matter as a result of dismissing Defendant Columbia River

3 – FINDINGS AND RECOMMENDATION

> Bank as a Defendant and to offer evidence from Columbia River Bank as if it remained a party to this case, to which Defendant Columbia State Bank has assumed responsibility for the transactions and agreements which originated with Defendant Columbia River Bank and one or more of the Plaintiffs.

Kay Decl. (docket # 47), ¶ 3 & Attachment.

In October 2012, Columbia State Bank notified plaintiffs that would not stipulate to the proposed language that it "has assumed responsibility for [Columbia River Bank's] transactions and agreements" on the basis that it mischaracterizes the facts. Emerick Aff. (docket # 61), ¶¶ 4, 7. After the FDIC placed Columbia River Bank entered into receivership, Columbia State Bank purchased from the FDIC certain (but not all) assets and liabilities of Columbia River Bank, including the subject loans, pursuant to a Purchase and Assumption Agreement. *Id* at ¶ 8; Kay Decl. (docket # 65), Ex. 6. That agreement contains loss share language that allocates certain risks between Columbia State Bank and the FDIC. *Id*.

Banks acquiring assets from an FDIC receiver may be entitled to certain statutory and common law defenses, commonly known as the FDIC Super Powers. 12 USC §§ 1821(d)(9)(A) &1823(e); *also see D'Oench, Duhme & Co. v. FDIC*, 315 US 447 (1942). These defenses protect the FDIC in its receivership capacity against unrecorded agreements or arrangements between federally-insured depository institutions and third parties. Here plaintiffs allege claims against Columbia State Bank that are based on undocumented agreements between plaintiffs and Columbia River Bank. Columbia State Bank contends that this type of situation falls under the FDIC's Super Powers and that the Purchase and Asset Agreement requires it to seek approval from the FDIC to assert these defenses. At the hearing, Columbia State Bank reported that it is waiting for the FDIC to approve the draft of its amended answer alleging those defenses. Accordingly, Columbia State Banks objects to any dismissal order which purports to prevent the

4 – FINDINGS AND RECOMMENDATION

availability of these defenses, or any other state statutory or common law defenses, as improperly and unfairly limiting its ability to defend itself.

Plaintiffs disagree with Columbia State Bank as to the extent of its liability for their claims against Columbia River Bank. However, they do not dispute that Columbia River Bank is defunct and that the FDIC, as the successor in interest, sold their loans to Columbia State Bank. It appears that the only reason to retain Columbia River Bank as a party relates to plaintiffs' desire to preserve their right to offer evidence as to their dealings with Columbia River Bank. However, dismissal of Columbia State Bank as a party does not necessarily bar plaintiffs from submitting evidence related to Columbia River Bank, especially if they add the FDIC as a party. Although plaintiffs would prefer to avoid the difficulties associated with suing the FDIC, they cannot avoid the fact that Columbia River Bank is not a necessary party.

Columbia State Bank clearly stated its objection to plaintiffs' proposed language for a stipulated dismissal of Columbia River Bank by October 2012. Nonetheless, plaintiffs have not attempted to serve Columbia River Bank since then. Accordingly, negotiations over the proposed Stipulated Order do not serve as good cause to extend plaintiffs' service deadline. *See Wei v. State of Hawaii*, 763 F2d 370, 372 (9th Cir 1985) (plaintiff's desire to amend complaint before serving defendant does not constitute good cause for delay in service).

## RECOMMENDATION

For the reasons set forth above, Columbia State Bank's Motion to Dismiss Columbia River Bank for Lack of Prosecution (docket # 39) should be GRANTED.

///

///

///

5 – FINDINGS AND RECOMMENDATION

## **SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due Thursday, April 04, 2013. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED March 18, 2013.

s/ Janice M. Stewart<br>
Janice M. Stewart<br>
United States Magistrate Judge